1074). Because that petition had been dismissed "without prejudice", however, petitioners could have filed a new petition based on the same allegations in the earlier petition (*see generally, Matter of Borsching v Borsching, supra,* at 1074). (Appeal from Order of Monroe County Family Court, Miller, J.—Person In Need of Supervision.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.

■ In the Matter of ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JENNIFER K. and Others, Children Alleged to be Neglected, Respondent, v DEBORAH D., Appellant. (Appeal No. 1.) [666 NYS2d 528] —Order unanimously affirmed without costs for reasons stated in decision at Onondaga County Family Court, Bersani, J. (Appeal from Order of Onondaga County Family Court, Bersani, J.—Neglect.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.

■ In the Matter of ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JENNIFER K. and Others, Children Alleged to be Neglected, Respondent, v DEBORAH D., Appellant. (Appeal No. 2.) [666 NYS2d 528] —Appeal unanimously dismissed without costs (*see, Matter of Lisa E.* [appeal No. 1], 207 AD2d 983). (Appeal from Order of Onondaga County Family Court, Bersani, J.—Neglect.) Present—Denman, P. J., Green, Pine, Callahan and Boehm, JJ.

■ JAMES F. FLYNN, Appellant, v JACQUELINE G. FLYNN, Respondent. [664 NYS2d 966] —Judgment unanimously affirmed with costs. Memorandum: In this matrimonial action, plaintiff appeals from so much of a judgment as awarded defendant a distributive award of $18,000, representing her marital share of a restaurant property owned by plaintiff, and awarded defendant future maintenance of $120 per week for four years commencing with service of the judgment. Plaintiff contends that Supreme Court erred in awarding defendant a share of a now defunct restaurant business and that he is entitled to a credit against his future permanent maintenance obligation for his past payments of temporary maintenance. Although defendant asks that we make the maintenance obligation "nondurational", defendant did not cross-appeal and therefore is precluded from obtaining affirmative relief.

The distributive award is proper. Although the restaurant business is defunct, the record establishes that the parties purchased the business along with the real and personal property for $65,000 just prior to the marriage while they were living together and pooling their finances. The purchase was financed with $10,000 obtained by refinancing the mortgage on